IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATHANIEL J BROWN,

    Plaintiff,

v.                                      CASE NO. 4:13-cv-21-MW-GRJ

SECRETARY, DEPT. OF
CORRECTIONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Nathaniel J. Brown, DOC # 109140, an inmate confined at Taylor Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1 & 2. Plaintiff alleges that prison staff retaliated against him and abused him for filing grievances. This case is before the Court for screening pursuant to 28 U.S.C § 1915(b)(2), governing proceedings *in forma pauperis*. For the following reasons, the undersigned recommends that leave to proceed as a pauper be denied, and that this case be dismissed for abuse of the judicial process and/or as barred by the three-strikes provision of 28 U.S.C § 1915(g).

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 8. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had

any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to "identify each and every case so dismissed." Doc. 1 at 4-5. The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." Doc. 1 at 4.

In response to these questions, Plaintiff identified one prior state-court case, and two prior federal civil cases filed in the Middle District of Florida: *Brown v. McDonough*, Case No. 3:07-cv-604 (M.D. Fla. 7/6/07) (dismissing petition for injunctive relief); and *Brown v. Reception and Medical Center*, Case No. 3:07-cv-717 (M.D. Fla. 8/21/07) (dismissing complaint as frivolous).  *See* Doc. 1 at 5.

A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegations, Plaintiff filed at least two additional civil rights cases while he was incarcerated: *Brown v. Hall*, Case No. 3:07-cv-750 (M.D. Fla. 8/30/07) (dismissing complaint for abuse of the judicial process for failing to disclose all prior prisoner cases); *Brown v. Hall*, Case No. 3:07-cv-894 (M.D. Fla. 7/11/08) (dismissing complaint as frivolous).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous cases as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.

The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form -- while attesting to the Court that that the answers are made under penalty of perjury -- impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-

cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

As noted above, Plaintiff has previously had a case dismissed for abuse of the judicial process for failing to disclose his prior cases. Such dismissal operates as a "strike" under 28 U.S.C § 1915(g). *See Pinson v. Grimes*, 391 Fed. Appx. 797 (11th Cir. 2010) (failure to disclose previous cases warrants dismissal without prejudice for abuse of judicial process and issuance of a strike under three-strikes provision). Under these circumstances, the Court finds that Plaintiff's lack of candor in this case should not be excused.

Further, a review of Plaintiff's previous federal cases reflects that he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that

---

[1] *Brown v. Reception and Medical Center*, Case No. 3:07-cv-717 (M.D. Fla. 8/21/07) (dismissing complaint as frivolous); *Brown v. Hall*, Case No. 3:07-cv-750 (M.D. Fla. 8/30/07) (dismissing complaint for abuse of the judicial process for failing to disclose all prior prisoner cases); *Brown v. Hall*, Case No. 3:07-cv-894 (M.D. Fla. 7/11/08) (dismissing complaint as frivolous).

serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Based upon a review of the complaint as a whole, the Court is not persuaded that Plaintiff is in imminent danger of serious physical injury. Liberally construed, Plaintiff alleges that on November 16, 2012, he was subjected to disciplinary action on charges of making spoken threats and disorderly conduct, and he asserts that corrections officers used excessive force and physically abused him as they were taking him to disciplinary confinement, resulting in facial swelling and a broken tooth. He was sentenced to 60 days' disciplinary confinement. He claims that he was given only liquids for four days while he was in disciplinary confinement, and did not receive high blood pressure medication until his release. He alleges that he lost 15 pounds in disciplinary confinement. For relief, Plaintiff seeks monetary damages, termination of Defendants' employment, medical treatment for his claimed injuries, a 2800 calorie diet, and replacement of personal property. Doc. 1 at 8.

Although the Court does not minimize the nature of Plaintiff's claims, even liberally construed the Complaint asserts claims for past harm, and not a real and proximate imminent threat. Such claims are insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the § 1915(g) three-strikes bar. *Medberry,* 185 F.3d at 1193; *Lewis,* 279 F.3d at 531. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED**:

1. That leave to proceed as a pauper be **DENIED.**

2. That this case be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process and pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 24th day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**